UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AHMED MOSTAFA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00672-TWP-MJD |
| | ) |
| FRP INSTITUTE FOR CIVIL | ) |
| INFRASTRUCTURE, INC., | ) |
| RICHARD KROLEWSKI, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR CLERK'S DEFAULT
AND ACCEPTING BELATED ANSWER**

This matter is before the Court on Plaintiff Ahmed Mostafa's ("Mr. Mostafa") Application for Clerk's Entry of Default (Filing No. 7) and Defendants FRP Institute for Civil Infrastructure, Inc. and Richard Krolewski (collectively, "the Defendants") Motion to Set Aside Entry of Default and to Accept Belated Answer to Plaintiff's Verified Complaint and Jury Demand (Filing No. 8). For the reasons stated below, the Motion for Clerk's Entry of Default is **denied**, and recognizing that no clerk's default has been entered, the Court will **accept** the Defendants' belated Answer.

**I. DISCUSSION**

This case was initiated in state court on February 10, 2025 (Filing No. 1-1). Counsel for Defendants appeared in the state court proceeding and filed a notice of automatic enlargement of time to answer up to and including April 30, 2025. *Id.* On April 7, 2025, Defendants timely filed a Notice of Removal (Filing No. 4). On April 8, 2025 Counsel for Defendants filed an Appearance and Rule 7.1 Disclosure statement but did not file an answer. On May 7, 2025, Mr. Mostafa filed an Application for Clerk's Entry of Default (Filing No. 7) pursuant to Federal Rule of Civil Procedure 55(a), noting that the Defendants had failed to plead or otherwise defend as required by

the Federal Rules of Civil Procedure. The next day—May 8, 2025—the Defendants filed a Motion to Set Aside Entry of Default and to Accept Belated Answer ([Filing No. 8](#)), and filed a belated Answer and Affirmative Defenses ([Filing No. 9](#)).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a), Fed. R. Civ. P. refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). "[B]ecause the Court, not its Clerk, is addressing the present motion, the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)." *Broadwater v. Kalina*, No. 13-cv-309, 2013 WL 3353946, at *1 (S.D. Ind. July 3, 2013). Further, federal procedural law does not favor default judgments, noting that "courts must balance the need for efficient administration of justice with a preference for deciding cases on their merits and giving a party its day in court." *McGrath v. Everest Nat'l Ins. Co.*, 668 F.Supp.2d 1085, 1100–01 (N.D. Ind. 2009) (citing *Flying J, Inc. v. Jeter*, 720 N.E.2d 1247, 1249 (Ind. App. 1999)).

Defendants assert they had good cause for their failure to timely file their answer as counsel "inadvertently failed to file" the Defendants' Answer and "had not properly calendared this matter" ([Filing No. 8](#)). Defendants argue they took quick action to correct the default and have a meritorious defense.

Mr. Mostafa did not respond in opposition to Defendants' Motion to Set Aside the Entry of Default and Accept Belated Answer.

2

While there is no good excuse for counsel's inattention to a filing deadline, in weighing the equities to each side, and under the liberal standard applied, the Court finds there is good cause to accept the belated Answer. Mr. Mostafa is not prejudiced by Defendants' short delay in filing their Answer at this early stage in litigation. On the other hand, Defendants would be defaulted primarily due to their attorney's neglect in a civil suit requesting over $160,000.00 in damages. *See Comerica Bank v. Esposito*, 215 F. App'x 506, 50 (7th Cir. 2007). Furthermore, there was not a willful refusal to litigate the case. Counsel appeared on behalf of Defendants in state court and following remand, and made filings in the federal case, including the timely removal to this Court. Defendants acted quickly to correct any default: Defendants filed this Motion to Set Aside only one day after receiving the Plaintiff's Motion for Clerk's Entry of Default. Their belated Answer was also filed the same day—within thirty-one days of this matter being removed to this Court and within eight days of the response deadline.

Defendants have also alleged a meritorious defense to the plaintiff's claims. A meritorious defense is not necessarily one that must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment, and which is supported by a developed legal and factual basis. *Wehrs v. Wells*, 688 F.3d 886, 890–91 (7th Cir. 2012); *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990); *Breuer Elec. Mfg. Co.*, 687 F.2d at 186. Defendants presented an arguably meritorious defense to Mr. Mostafa's claims in their belated Answer, as they claim Mr. Mostafa was a volunteer not entitled to compensation and failed to mitigate damages by continuing to volunteer.

Because Defendants responded one day after Mr. Mostafa filed the Motion for Clerk's Entry of Default, and filed an Answer prior to the entry of a Clerk's default, a Clerk's default at this stage of the proceedings would be futile for purposes of Federal Rule of Civil Procedure 55(c).

Therefore, the Motion for Clerk's Entry of Default is **denied**. To the extent Mr. Mostafa was entitled to an entry of clerk's default, good cause exists to set it aside, therefore the Court **grants** the request to accept the belated Answer.

## II.  CONCLUSION

For the reasons explained above, Plaintiff's Application for Entry of Clerk's Default ([Filing No. 7](#)) is **DENIED**. Defendants' Motion to Set Aside Default and Accept Belated Answer ([Filing No. 8](#)) is **DENIED in part** and **GRANTED in part**. The motion to set aside default is denied as moot, because no default has been entered. The motion to Accept Belated Answer to Complaint ([Filing No. 9](#)) which was filed on May 8, 2025 is **granted**.[1]

**SO ORDERED.**

Date:   6/18/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas M. Johnston[2]
7483 Countrybrook Drive
Indianapolis, IN 46260

Brendan H. Little
Lippes Mathias LLP
blittle@lippes.com

Terry Wayne Tolliver
Brattain Minnix Tolliver
terry@bmtindy.com

---

[1] Defendants' counsel is reminded of the importance of meeting deadlines. Defendants should take care to conduct its litigation with the degree of diligence and expediency expected of all litigants. *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

[2] Mr. Johnston was an attorney of record for Plaintiff in the state court proceeding; however, he has not entered an appearance in the federal proceeding. Counsel must enter an appearance and register in CM/ECF if he intends to be counsel in this case.